"2. Does an inmate who chooses to be executed by lethal gas, rather than the available constitutional method of lethal injection, waive his right to complain that lethal gas is unconstitutional?

"3. Whether an inmate who failed to timely raise an argument about the unconstitutionality of lethal gas in state court has shown cause by claiming that it would have been futile for his appellate lawyer to raise the claim even though lethal gas was the only method of execution at the time the inmate was sentenced? Whether the inmate can show cause for his procedural default by claiming that factual information about lethal gas was unavailable even though numerous executions by lethal gas had occurred over the previous five decades?

"4. Whether application of a ruling declaring lethal gas an unconstitutional method of execution is a new rule being applied on collateral review in derogation of *Teague* v. *Lane*[, 489 U. S. 288 (1989)?]" Pet. for Cert. (i).

In my opinion, all four of these questions presented in the State's petition for certiorari merit this Court's attention. I would, therefore, grant that petition and allow the stay to remain in place. Otherwise, the case may become moot.

No. A–706 (98–1368). STEWART, DIRECTOR, ARIZONA DEPARTMENT OF CORRECTIONS, ET AL. *v.* LAGRAND. C. A. 9th Cir. Motion by Karl LaGrand to clarify the order entered by the Court in the above captioned case on February 24, 1999 [immediately *supra*], denied. JUSTICE GINSBURG took no part in the consideration or decision of this motion.

JUSTICE STEVENS, dissenting.

Because I am not at all sure that the Court has authority to vacate an injunction without first granting certiorari, and because I also think the Court's order is not entirely clear, I would grant the motion for clarification.

No. 98–8222 (A–705). IN RE GREEN. Application for stay of execution of sentence of death, presented to JUSTICE SCALIA, and by him referred to the Court, denied. Petition for writ of habeas corpus denied.

No. 98–8136 (A–700). GREEN *v.* JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION.